**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jack Kelly, Appellant,

v.

Roger D. Cox, Cox Millwork & Supply Inc., Waterside Drive Boat Ramp, LLC and Cox Properties, LLC, Respondents.

Appellate Case No. 2023-000289

———

Appeal From Horry County
Kristi F. Curtis, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-345
Submitted June 1, 2026 – Filed July 8, 2026

———

**AFFIRMED**

———

Kenneth Ray Moss, Richard Lee Snyder, and George Nicolaos Spirakis, all of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach, for Appellant.

Jeffrey A. Ross, Philip Paul Cristaldi, III, Emily Christine Sheets, Kirkley Gibson White, and Brenten Heath DeShields, all of Copeland, Stair, Valz & Lovell, LLP, of Charleston, for Respondents.

———

**PER CURIAM:**  Jack Kelly appeals the circuit court's orders granting summary judgment in favor of Roger D. Cox, Cox Millworks & Supply Inc., Waterside Drive Boat Ramp, LLC, and Cox Properties, LLC (collectively, Respondents) and denying Kelly's motion for reconsideration.  On appeal, Kelly argues the circuit court erred in granting summary judgment in favor of Respondents and denying his motion to reconsider because (1) substantial discovery had yet to be completed and there was "a scintilla" of evidence to support the claims and (2) the level of outrageous conduct and damages to be awarded was a question for the jury.  We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Kelly, we hold the circuit court did not err in granting summary judgment and denying Kelly's motion for reconsideration because (1) Kelly did not demonstrate further discovery would uncover additional relevant evidence for any of the claims and (2) there was no genuine issue of material facts as to any of the claims.  *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (stating an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))).

As to the claim of respondeat superior, we hold (1) Kelly failed to demonstrate how further discovery would uncover additional relevant evidence because he and Dawn Sarte Cox acknowledged in their depositions that, although Cox was the owner of Cox Millworks & Supply Inc., Waterside Drive Boat Ramp, LLC, and Cox Properties, LLC, he was not acting on behalf of the businesses when he allegedly committed the tortious actions and (2) summary judgment was properly granted because Kelly failed to demonstrate an essential element of the claim—that Cox was acting within the scope of his employment when he committed the alleged acts.  *See James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008) ("The doctrine of respondeat superior provides that the employer, as the

employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment."); *id.* ("Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship."); *Carolina All. for Fair Emp. v. S.C. Dep't of Lab., Licensing, & Regul.*, 337 S.C. 476, 485, 523 S.E.2d 795, 800 (Ct. App. 1999) (providing that Rule 56(c), SCRCP, requires the entry of summary judgment after adequate time for discovery when a party fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, and that a complete failure of proof on such an element renders all other facts immaterial).

As to the claim of negligence per se under section 44-29-145 of the South Carolina Code (2018), we hold (1) Kelly failed to demonstrate how further discovery would uncover additional relevant evidence such that additional discovery would be anything more than a "fishing expedition" because both Kelly and Dawn admitted they had no evidence Cox was infected with HIV and (2) summary judgment was properly granted as there was only one reasonable interpretation of the evidence presented—that Cox did not violate the section 44-29-145. *See* § 44-29-145 (outlawing someone knowingly infected with HIV to knowingly engage in certain activities, such as sexual intercourse without proper disclosure or consent, prostitution, selling or donating blood or other bodily fluids, and sharing needles without proper disclosure or consent, all of which could expose others to the virus); *Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997) ("[W]hen the evidence is susceptible of only one reasonable interpretation, summary judgment may be granted.").

As to the claim of negligence per se under section 63-7-20(17) of the South Carolina Code (Supp. 2025), we hold (1) Kelly failed to demonstrate how further discovery would uncover additional relevant evidence because, regardless of any evidence that could be produced, there is no private right of action created in the definition of "mental injury" and (2) there was no genuine issue of material fact as the claim fails as a matter of law because there was no valid cause of action for negligence per se under the statute. *See* § 63-7-20(17) (defining mental injury as "an injury to the intellectual, emotional, or psychological capacity or functioning of a child as evidenced by a discernible and substantial impairment of the child's ability to function when the existence of that impairment is supported by the opinion of a mental health professional or medical professional").

As to the claim of negligent retention and supervision, we hold (1) Kelly failed to demonstrate how further discovery would uncover additional relevant evidence because Kelly testified Cox was the owner of all three businesses and Cox, as the master, could not supervise himself; thus, the claim fails as matter of law and (2) summary judgment was properly granted because Kelly failed to demonstrate an essential element of the claim—an employee relationship—between Cox and Respondent Businesses. *See Degenhart v. Knights of Columbus*, 309 S.C. 114, 116, 420 S.E.2d 495, 496 (1992) ("[A]n employer is under a duty to exercise reasonable care to control an employee acting outside the scope of his employment."); *Bank of N.Y. v. Sumter County*, 387 S.C. 147, 156, 691 S.E.2d 473, 478 (2010) (noting there must be "an employee relationship" for the defendant to be negligent in their supervision); *Carolina All. for Fair Emp.*, 337 S.C. at 485, 523 S.E.2d at 800 (providing that Rule 56(c), SCRCP, requires the entry of summary judgment after adequate time for discovery when a party fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, and that a complete failure of proof on such an element renders all other facts immaterial).

As to the claim of "Intentional Infliction of Emotional Distress/Outrage," we hold (1) Kelly failed to demonstrate how further discovery would uncover additional relevant evidence because he admitted suffering no financial, medical, or educational damages and (2) summary judgment was properly granted because Kelly failed to establish there was a genuine issue of material fact regarding the existence of damages. *See Andrews v. Piedmont Air Lines*, 297 S.C. 367, 371, 377 S.E.2d 127, 129 (Ct. App. 1989) ("The question of whether a defendant's conduct may be reasonably regarded as so extreme and outrageous as to allow recovery is a question for the court to determine in the first instance."); *Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 575, 780 S.E.2d 252, 260-61 (2015) ("To recover for outrage—otherwise known as intentional infliction of emotional distress—a plaintiff must establish the following: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so 'extreme and outrageous' so as to exceed 'all possible bounds of decency' and must be regarded as 'atrocious, and utterly intolerable in a civilized community'; (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was 'severe' such that 'no reasonable man could be expected to endure it.'"). The record supports that Kelly suffered no financial loss as to the car, shoes, or toothbrush because the items were replaced by his parents. He did not miss any work and did not lose his college scholarship. Further, while Kelly sought periodic counseling while in college, he testified these sessions were

covered by his college tuition. Kelly did not see a psychologist or a psychiatrist and was not prescribed any medication to treat the alleged emotional distress. Thus, his alleged damages were insufficient to create a jury issue. *See Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 354, 359, 650 S.E.2d 68, 69, 72 (2007) (holding that the plaintiff failed to satisfy the damages element of an intentional infliction of emotional distress claim where the alleged harm was limited to "ordinary symptoms," such as loss of sleep and minimal dental expenses, and did not affect his work performance, relationships, or overall job satisfaction).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.